COPY

| | | |
|---|---|---|
| CHARLES ULRICH<br>3106 Four Seasons Court, Apt. 1A<br>Baltimore, Maryland 21222 | * | IN THE |
| | * | |
| Plaintiff | * | CIRCUIT COURT |
| | * | |
| v. | * | FOR |
| | * | |
| CONCENTRA HEALTH SERVICES, INC.<br>3010 LBJ Freeway, Suite 400<br>Dallas, TX 75234 | * | BALTIMORE CITY |
| | * | |
| SERVE ON:<br>CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | * | |
| and | * | CASE NO: |
| OCCUPATIONAL HEALTH CENTERS<br>OF THE SOUTHWEST, P.A.<br>D/B/A CONCENTRA MEDICAL CENTERS<br>5080 Spectrum Drive, Suite 400 West<br>Addison, Texas 75001 | * | |
| SERVE ON:<br>CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND ELECTION FOR JURY TRIAL

Charles Ulrich, Plaintiff, by his attorneys, Henry E. Dugan, Jr., Alison D. Kohler, and Dugan, Babij & Tolley, LLC, sues the Defendants Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, saying:

EXHIBIT 2

## PROCEDURAL HISTORY

1. This matter was filed with the Health Care Alternative Dispute Resolution Office on or about June 5, 2014. A copy of the Statement of Claim is attached hereto as *Exhibit 1* and prayed to be taken as part hereof.

2. The Plaintiff filed a Certificate of Merit and Report of Herbert O. Boté, M.D. with the Health Care Alternative Dispute Resolution Office of Maryland on or about December 5, 2014. A copy of the Certificate of Merit and Report is attached hereto as *Exhibit 2* and prayed to be taken as part hereof.

3. The Plaintiff also filed an Election for Waiver of Arbitration in the Health Care Alternative Dispute Resolution Office on or about December 5, 2014. A copy of the Notice of Election to Waive Arbitration is attached hereto as *Exhibit 3*, and prayed to be taken as part thereof.

4. On or about, December 8, 2014, an Order of Transfer was issued by the Health Care Alternative Dispute Resolution Office, transferring this case to the Circuit Court for Baltimore City. A copy of the Order to Transfer is attached hereto as *Exhibit 4*, and prayed to be taken as part hereof.

5. These claims were properly filed in the Health Care Alternative Dispute Resolution Office as they exceed Thirty Thousand Dollars ($30,000) in damages, and were properly waived out to the Circuit Court for Baltimore City pursuant to Md. Cts. & Jud. Procs. Code Ann. § 3-2A-06A. All conditions precedent to the filing of these claims have been met.

6. The Plaintiff relates back to, repeats, re-alleges, adopts and incorporates by reference the Statement of Claim filed with the Health Care Alternative Dispute Resolution Office on or about June 5, 2014.

### PARTIES

7. The Plaintiff, Charles Ulrich, is an adult citizen of the State of Maryland residing at 3106 Four Seasons Court, Apt. 1A, Baltimore, MD 21222.

8. The Defendant, Concentra Health Services, Inc., is a corporation organized and existing under the laws of the State of Nevada, and carrying on a regular business in Baltimore City, Maryland, with its principal place of business at 3010 LBJ Freeway, Suite 400, Dallas, TX 75234. At all times complained of, the Defendant, Concentra Health Services, Inc., acted through its real, apparent and/or ostensible agents, servants and/or employees, including Concentra Medical Centers and/or all the other physicians, nurses and health care workers delivering care to Plaintiff Charles Ulrich.

9. The Defendant, Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Health Centers, is a corporation organized and existing under the laws of the State of Texas, and carrying on a regular business in Baltimore City, Maryland, with its principal place of business at 5080 Spectrum Drive, Suite 400 West, Addison, TX 75001. At all times complained of, the Defendant, Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers acted through its real, apparent and/or ostensible agents, servants and/or employees, including Concentra Medical Centers. and/or all the other physicians, nurses and health care workers delivering care to Plaintiff Charles Ulrich.

## AMOUNT OF CLAIM & VENUE

10. The amount of this claim exceeds Thirty Thousand Dollars ($30,000.00) and venue is proper in Baltimore City, Maryland as the forum in which the Defendants reside and/or carry on a regular business and as the forum in which the cause of action arose.

## COUNT I
### (Negligence Against All Defendants)

The Plaintiff, Charles Ulrich, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 10 of this Complaint and Election for Jury Trial as though fully set forth herein.

11. At all times of which the Plaintiff complains, the Defendants, Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers (hereinafter collectively referred to as "Concentra") owned and operated occupational medical facilities in the State of Maryland, including the facility on Portal Street in Baltimore City, Maryland, and represented to the public and the Plaintiff possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent occupational medical facility.

12. At all times complained of herein, the Defendants, Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers regularly conducted business and/or derived revenues from doing business in Baltimore City, Maryland.

13. On or about June 20, 2011, the Plaintiff injured his left arm while lifting heavy trash receptacles at work.

14. On that same day, Mr. Ulrich was taken to the Defendants' medical facility on Portal Street in Baltimore City, where he was examined by Michael Hill, M.D.

4

Dr. Hill diagnosed a left biceps/forearm strain. Mr. Ulrich was ordered to undergo physical therapy at Concentra. The ruptured biceps tendon was not diagnosed, and no surgical treatment was recommended.

15. Mr. Ulrich began physical therapy at Concentra on June 21, 2011 under the supervision of John Cusic, PT. Physical therapy continued for the next two months without any improvement.

16. Mr. Ulrich returned to Concentra and again saw Dr. Michael Hill on June 22, 2011. Once again, Dr. Hill diagnosed a left forearm/biceps strain and ordered Mr. Ulrich to continue with physical therapy. No diagnosis of a biceps tendon rupture was made.

17. On July 8 2011, Dr. Hill ordered Mr. Ulrich to return to work with certain weight restrictions. Dr. Hill ordered an MRI of the left elbow, which was performed on July 12, 2011, and which showed a full thickness retracted tear of the biceps tendon with associated soft tissue swelling and peritendinous fluid that corresponded to an area of palpable abnormality. However, no surgery was recommended at that time.

18. On July 22, 2011, Dr. Hill referred Mr. Ulrich to an orthopedic surgeon within the Concentra system for consultation on July 29, 2011.

19. Following the orthopedic consultation, Mr. Ulrich continued to see Dr. Hill and Concentra. He was finally referred to a hand specialist for consultation on August 25, 2011. No steps were taken for any sort of urgent referral.

20. On August 25, 2011, more than two months after the biceps tendon rupture, Mr. Ulrich was examined by Dr. Thomas Marian, the hand expert, who diagnosed the biceps tendon rupture and immediately scheduled Mr. Ulrich for surgery.

Biceps tendon repair surgery was performed on August 31, 2011. Despite the repair of the tendon and physical therapy thereafter, the delay in surgical treatment of Mr. Ulrich's acute full thickness biceps tendon rupture has left Mr. Ulrich with a permanently weak and painful left upper extremity.

21. At all relevant times, Defendants Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers Concentra owed to the Plaintiff Charles Ulrich the duty to exercise that degree of care, skill and judgment ordinarily expected of reasonably competent practitioners in their chosen specialty acting in the same or similar circumstances. That duty included the proper interpretation and performance of adequate and appropriate diagnostic tests and procedures to determine the nature and severity of any medical conditions suffered by the Plaintiff, Charles Ulrich; the prompt employment of appropriate procedures and treatments to correct such a condition(s); continuous evaluation of the course of such treatment(s) in response to such evaluation(s); appropriate notification to the Plaintiff, Charles Ulrich, of the various alternatives and risks involved in the various modalities of treatment; attendance and proper performance at all surgeries; and complete disclosure of surgical events and findings.

22. The Defendants, Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, individually and/or through their agents, servants and/or employees, breached the accepted standards of care by their negligent acts and omissions, which include but are not limited to:

    A.    Failing to diagnose Plaintiff Ulrich's ruptured biceps tendon at the time of the initial injury;

    B.    Failing to order appropriate radiology studies to diagnose the ruptured biceps tendon at the time of the initial injury;

    C.    Failing to perform repair surgery and/or refer Plaintiff Ulrich to a surgeon to perform biceps tendon repair surgery at the time of the initial injury, and continuing to delay surgical repair of the biceps tendon rupture for two months after the initial injury;

    D.    Referring Plaintiff Ulrich to physical therapy for treatment of a ruptured biceps tendon;

    E.    Performing physical therapy for treatment of a ruptured biceps tendon; and

    F.    Failing to exercise reasonable care in the timely and careful diagnosis and treatment of Plaintiff Ulrich's conditions.

23. The Plaintiff further avers that as a direct and proximate result of the inappropriate and substandard medical care, treatment and management by the Defendants, Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, the Plaintiff, Charles Ulrich, was severely injured and damaged.

24. The Plaintiff further avers that the injuries, damages and losses sustained by him were due to the negligent and careless acts and omissions of the Defendants, Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, individually and/or through their agents, servants and/or employees, who breached the aforementioned duties of care to the Plaintiff.

25. The Plaintiff further avers that as a direct and proximate result of the negligent and careless acts and omissions of the Defendants, Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, the Plaintiff, Charles Ulrich, experienced permanent and disabling injuries, a severe shock to his nerves and nervous system, pain, mental anguish, unnecessary procedures, has been and will continue to be obligated to receive hospital and medical care, has been and will continue to be prevented from engaging in his usual activities, duties and pursuits, has incurred and will

continue to incur medical expenses in the future, and has been otherwise hurt, injured and damaged.

26. The Plaintiff further avers that all of these injuries and damages were caused by the negligent acts and omissions of the Defendants, Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, without any negligence or want of due care on the part of the Plaintiff thereunto contributing.

WHEREFORE, this claim is brought by the Plaintiff, Charles Ulrich, against the Defendants, Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, in an amount in excess of the minimum jurisdiction of the Circuit Court for Baltimore City, together with costs, fees and such other and further relief as justice requires.

## COUNT II
### (Informed Consent – All Defendants)

The Plaintiff, Charles Ulrich, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth herein.

27. The Defendants Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, individually and/or through their real, apparent and/or ostensible agents, servants and/or employees, owed to the Plaintiff the duty of appropriate notification to the Plaintiff, Charles Ulrich of material risks or dangers inherent in or collateral to the proposed procedures or treatment and of the various alternatives and risks involved in various modalities of medical care and treatment.

28. The Defendants, Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, individually and/or

8

through their real, apparent and/or ostensible agents, servants and/or employees, were negligent in failing adequately and appropriately to explain the proposed procedures or treatments, to warn of material risks or dangers inherent in or collateral to the proposed procedures or treatment, to discuss with the patient the viable medical alternatives to the proposed procedures or treatment, to allow the patient to make an intelligent and informed choice about whether or not to undergo the proposed procedures or treatment, to inform the patient promptly of material changes in the medical circumstances, to obtain an informed consent from the Plaintiff, Charles Ulrich and were otherwise negligent.

29. The Plaintiff further alleges that, as a direct and proximate result of the failure to obtain Plaintiff's informed consent by the Defendants, Concentra Health Services, Inc. and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, individually and/or through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff, Charles Ulrich was severely injured and damaged.

30. The Plaintiff further avers that as a direct and proximate result of the failure to obtain Plaintiff's informed consent to the treatments rendered by the Defendants Concentra Health Services, Inc. and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, individually and/or through their agents, servants and/or employees, the Plaintiff, Charles Ulrich, was severely injured and damaged.

31. The Plaintiff further avers that the injuries, damages and losses sustained by him were due to the negligent and careless acts and omissions of the Defendants, Concentra Health Services, Inc. and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra

Medical Centers, individually and/or through their agents, servants and/or employees, who breached the aforementioned duty to obtain informed consent from the Plaintiff.

32. The Plaintiff further avers that as a direct and proximate result of the negligent and careless acts and omissions of the Defendants, Concentra Health Services, Inc. and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, in failing to obtain the Plaintiff's informed consent, the Plaintiff, Charles Ulrich, experienced permanent and disabling injuries, a severe shock to his nerves and nervous system, pain, mental anguish, unnecessary procedures, has been and will continue to be obligated to receive hospital and medical care, has been and will continue to be prevented from engaging in his usual activities, duties and pursuits, has incurred and will continue to incur medical expenses in the future, and has been otherwise hurt, injured and damaged.

33. The Plaintiff further avers that all of these injuries and damages were caused by the negligent acts and omissions of the Defendants, Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, in failing to obtain Plaintiff's informed consent, without any negligence or want of due care on the part of the Plaintiff thereunto contributing.

WHEREFORE, this claim is brought by the Plaintiff, Charles Ulrich, against the Defendants, Concentra Health Services, Inc., and Occupational Health Centers of the Southwest, P.A., d/b/a Concentra Medical Centers, in an amount in excess of the minimum jurisdiction of the Circuit Court for Baltimore City, together with costs, fees and such other and further relief as justice requires.

HENRY E. DUGAN, JR.
ALISON D. KOHLER

Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland  21093
akohler@medicalneg.com
410-308-1600
*Attorneys for Plaintiff*

## ELECTION FOR JURY TRIAL

The Plaintiff, Charles Ulrich, by and through his undersigned attorneys, elects to try this case before a jury.

HENRY E. DUGAN, JR.
ALISON D. KOHLER
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland  21093
akohler@medicalneg.com
410-308-1600
*Attorneys for Plaintiff*